HUBBARD and another *vs.* EAMES, Receiver of the Ætna Insurance Company, of Utica, and the Ætna Insurance Company.

Where individuals claiming that an insurance company was organized and only authorized to do business as a mutual insurance company, and upon the plan of mutual insurance, and that policies issued to certain persons in consideration of a premium paid in cash, and upon the principle of insurance for cash premiums, were unauthorized and void as contracts of the company, brought an action, as the makers of a premium note held by the receiver of the company, to restrain him from assessing, or collecting of them, any amount for the payment of losses upon policies effected in consideration of a cash premium, or from applying any of the assets of the company to the payment of such losses, and for an accounting by the receiver; *Held,* that the creditors of the company had an interest in the controversy, adverse to the plaintiffs, and were necessary parties defendants.

If such an action is brought against the insurance company, and its receiver, only, and judgment is rendered therein, according to the prayer of the complaint, creditors of the company upon policies of insurance effected upon the principle of insurance for cash premiums may apply by motion, while the proceedings are open, and before any final judgment has been given, to vacate and set aside the judgment in such action, so far as it affects or passes upon the rights of the claimants under the cash policies, or gives direction to the funds or property in the hands of the receiver, to their prejudice, or without making provision for the payment of such claims.

MOTION by Henry W. Rathbone and other creditors of the Ætna Insurance Company, to set aside a judgment restraining the receiver of said company from collecting assessments made by him on the notes of the company, to pay the losses of said creditors in the cash department of said company. The grounds of the motion appear in the opinion.

*Henry R. Mygatt,* for the motion, made the following points. I. The creditors of the company have an interest in the controversy adverse to the plaintiffs, and are necessary parties to a complete determination of the questions involved therein. They should be defendants. (*Code,* § 118.) Section 118 of the code was borrowed from the chancery practice, and was intended to preserve the right and duty of a plaintiff, to make parties all persons directly interested in the question or controversy stated

in the complaint. (*Mitchell, J., Voorhies* v. *Baxter,* 1 *Abbott's Pr. R.* 45.) Where the receiver of the property of a judgment debtor, appointed by the court on a creditor's bill, commences a suit against the trustee of a judgment debtor to reach the equitable interest of the latter in a fund held in trust for him, the judgment debtor is a necessary party to the suit. (*Vanderpoel* v. *Van Valkenburgh,* 2 *Selden,* 190.) The equity rule is universal, " that the defendants should consist of all persons interested in the relief sought, who are not already joined as plaintiffs." (*Adams' Equity,* 3d *Am. ed.* 312.) Adams on Equity further says : " The interests which require such joinder seem generally referable to one of the three following heads : First, interests in the subject matter which the decree may affect, and for the protection of which the owners are joined." (*Adams' Equity,* 314.) At page 315 (marginal page) of Adams : "If the object proposed is not confined to any particular interest, but affects the corpus of the estate, all such persons ought to be parties." (*Brookes* v. *Burt,* 1 *Beavan,* 106.) As the rights of the body of creditors are affected, and that without a hearing, the objection was taken in time. It is sufficient that a party make his objection when he first acquires knowledge that his rights are about to be impaired. Most of the creditors are non-residents, residing in Rhode Island, Ohio, Missouri, Pennsylvania and Michigan. In case of the omission of indispensable parties, or where the rights of absent parties would be affected, the objection may be taken on hearing by the court itself, or for the first time on appeal. (*McMahon* v. *McMahon,* 18 *Alabama R.* 576.)

II. " When a complete determination cannot be had without the presence of other parties, the court must cause them to be brought in." (*Code,* § 122. *Davis & Palmer* v. *The Mayor &c. of New York,* 2 *Duer,* 663.) Story says : " It is the constant aim of courts of equity to do complete justice, by deciding upon and settling the rights of all persons interested in the subject matter of the suit, so that the performance of the decree of the court may be perfectly safe to those who are compelled to obey it ; and also, that future litigation may be prevented.

Hence the common expression, 'that courts of equity delight to do justice, and not by halves.' And hence, also, it is a general rule in equity, (subject to certain exceptions which will hereafter be noticed,) that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree which shall bind them all." (*Story's Eq. Pl.* 5*th ed.* § 72.) In this case a perfect list of all the creditors is with the receiver, with their residences, and they can be joined without delay or inconvenience. Under the former practice, the creditors would be driven to a cross bill or a bill to impeach the decree, but the code avoids multiplicity of suits. In this case the receiver's personal interest is in favor of this judgment, as he is a large premium note debtor of the company. The premium notes are liable for the losses in the cash department. (21 *Barb.* 610.) Upon the ordinary principles upon which justice is administered in courts of equity, these creditors cannot be deprived of their property without notice of the suit and an opportunity of making a defense. Justice Story remarks, that if the absent parties have rights wholly distinct from those of the other parties, the court cannot properly proceed to the determination of the suit without their being made parties. (*Story's Eq.* 81, *and cases. Gray* v. *Schenck,* 4 *Comst.* 462.) In cases of trusts, Story says : "The general rule in cases of this sort is, that in suits respecting the trust property, brought either by or against the trustees, the *cestuis que trust,* (or beneficiaries,) as well as the trustees, are necessary parties. The *cestuis que trust* have the equitable and ultimate interest to be affected by the decree, and therefore are necessary parties." (*Story's Eq. Pl.* § 207, *and cases.*

*Philo Gridley,* for the plaintiffs.

W. F. ALLEN, J. The Ætna Insurance Company was incorporated under the general laws of the state, authorizing the incorporation of companies for the business of insurance ; and in proceedings by action in this court for the dissolution of the

company, commenced by an officer and creditor, the defendant Eames was appointed receiver of its property and effects, under the statute. The present applicants claim to be creditors of the company upon policies of insurance effected upon, and in consideration of, a premium paid in cash and upon the principle of insurance for cash premiums.

The plaintiffs claim that the company was organized and only authorized to do business as a mutual insurance company, and upon the plan of mutual insurance, and that the policies issued to the parties now seeking to be heard, were unauthorized and void as contracts of the company; and this action was brought by them as the makers of a premium note for a large amount, held by the receiver, to restrain the receiver from assessing, or collecting of them, any amount for the payment of losses upon policies effected in consideration of a cash premium, or from applying any of the assets of the company to the payment of such losses, and for an accounting by the receiver.

The receiver and the company, only, are made defendants. The cause was brought to trial at the last October circuit, in Oneida county, and a decision made and a judgment ordered, in deference to a former decision of this court upon the principal question supposed to be involved, in substantial conformity to the prayer of the complaint, and adjudging in substance, amongst other things, that the holders of the cash policies, occupying the position of the claimants, were not entitled to share in the assets of the mutual insurance; and that the premium notes of the company, held by the receiver, were not properly applicable to the payment of losses under policies of that character. An accounting by the receiver was ordered, and further directions were reserved until the coming in of the account.

The decision and judgment pronounced were interlocutory, and no final judgment has, so far as appears, been given in the case. The proceedings are still open and subject to the control of the court, upon the application of any party having an interest, and who is in a situation or has a right to be heard. (*Code,* § 245. *Chittenden* v. *Miss. Society,* 8 *Howard's Pr. R.* 327.) There has been no laches on the part of those now seek-

Hubbard v. Eames.

ing relief; and it does not appear that final judgment has passed in the action, so that there is no technical difficulty in the way of granting the relief asked, if indeed the applicants are proper parties necessary to a correct decision of the matter involved in the action. If they should have been brought into the action as parties at its commencement, and if an objection for want of parties would then have been tenable, they should now be permitted to come in and be made parties by a proper amendment of the complaint. The rule as to parties in actions under the code, in the nature of suits in equity, and which under the former system would have taken the form of suits in chancery, is the same, substantially, under the code as it was before; and a suit which would have been defective in chancery for want of proper parties, would be defective now, as a civil action under the code. It will not be necessary to refer more particularly to the provisions of the code upon this subject. The sections relating to it are 117, 118, 119 and 122. Aside from those cases in which for peculiar reasons one or more of several parties, occupying in all respects the same position, and claiming the same rights, may sue or defend for the benefit of the whole, every individual who is interested in the subject matter of the action, and in the questions involved therein, and whose interests may be affected by the judgment or decision, is a necessary party either in his own name and person or by his legal representative. He is a necessary party to a complete determination or settlement of the questions involved in the action, (*Code*, § 118,) and must be brought in before a judgment can be pronounced. (*Code*, § 122. *Davis* v. *Mayor &c. of New York*, 2 *Duer*, 663.)

The doctrine of representation applies to those cases in which it is inconvenient or impracticable, by reason of the great number of parties in interest, to bring them all in as parties to a suit for or against them, and to those where the court can see that they are substantially represented, and their interests actually cared for and protected by others in the same interest, actually prosecuting or defending for the benefit of all. But, in cases of this character, every party whose rights are to be affected by the decree must be actually a party, or substan-

tially represented, and when substantially represented, his ab-sence is excused ; and yet, in that case, he may obtain leave to go in before the master. He is *quasi* a party; his cause is in the course of decision, and he may at any time take an active part. (*Calvert on Parties*, 58.)

It is not claimed that this case comes within the exception to the genenal rule, requiring all parties having an interest in the question to be made parties to a suit in which their interests are to be passed upon.

In another class of cases the doctrine of representation is ap-plied where a person is made a party in a representative char-acter which he takes under the law, and in that character represents certain interests, which the public or a class of indi-viduals have in common. Public officers, in this way, represent and protect the interests of the entire community, but they do not represent one or more individuals of that community, whose interests are peculiar to themselves, and distinguished from those of the public at large, and who are to be affected by the judgment or decree in their individual interests.

Executors and administrators represent legatees, next of kin, and creditors in suits affecting the personal estate of their tes-tators or intestate, but they do not represent any particular in-dividuals of either class in a controversy with the estate, or in contests between themselves and the other parties claiming to be entitled to share in the estate. The same may be said of assignees of bankrupts and insolvents, receivers of insolvent individuals or corporations, and trustees of express trusts. And the same principle is applied to corporations, who sue and are sued by their officers, and every member is represented in re-spect to his corporate rights. In suits which affect the mem-bers only in respect to their rights, the corporation by name, or those officers who may by law sue and be sued by whom the cor-poration is by law represented, ought to be made parties. If, however, the suit affects any individual member, not merely in the character which he holds in common with every other mem-ber of the corporation, but also in his individual character, he should be made a party. (*Calvert on Parties*, 23. *See also*

*same book, p.* 171, § 10, *and cases ; Adams' Eq.* 315 ; *Court* v. *Jeffrey,* 1 *Sim. & Stu.* 105; *Waite* v. *Temple, id.* 319 ; *Brookes* v. *Burt,* 1 *Beavan,* 106.) A receiver of an insolvent corporation represents the creditors and stockholders, and all others in the same interest, in the assertion or defense of any claim or right in their behalf or for their benefit, and they will be bound by the judgment or decree in an action brought by or against him, in respect to such claims or rights. (*Gillet* v. *Moody,* 3 *Comst.* 479.) So a receiver of the property of a judgment debtor represents the judgment debtor, as well as the creditor, in an action for the recovery of a debt or property due to or belonging to the judgment debtor, with a view to subject it to the payment of the judgment, and neither the debtor or creditor in the judgment are necessary parties to the action ; but if interests of the debtor are involved, other than those which he has in common with his creditor, he becomes a necessary party to any action in which they may be affected. (*Vanderpoel* v. *Van Valkenburgh,* 2 *Selden,* 190.)

The relief demanded, furnishes a very proper and the most usual test by which to determine the necessity of making a particular individual a party to an action ; and if reference is had either to the frame of the complaint or the demand for relief in this action, it will be evident that the individual interests of those now asking to come in, as distinguished from their interest in common with all other creditors and persons interested in the assets of the corporation, are directly involved. The claim to the relief sought, so far as it relates to the individual liabilities of the plaintiffs upon their premium note, is based not upon any thing affecting the validity of these obligations in resisting which, or in asserting its validity by an action brought to enforce it, the receiver could doubtless represent all the parties interested in upholding its validity, whether as creditors or otherwise ; but he would not represent the plaintiffs in respect to this particular claim. Neither is the plaintiffs' claim made to rest upon any point or principle common to all having claims upon the company, and in the decision of which, all interested in the assets have the same interest. On the contrary, the entire basis of the

particular relief sought by the plaintiffs, is the invalidity of
the claims of one class of creditors, or of those claiming to be
creditors of the company, upon one class of contracts, and the
effect of the judgment demanded will be to exclude them from
all right to participate in the larger part, if not in all, of the
assets of the company.

Now the receiver never was appointed to represent them in
any such contest or controversy. He is their representative
merely to collect premiums and apply the property and effects
of the company ; and in all litigations and controversies he rep-
resents only those claiming in common an interest in the assets,
and not those who claim adversely to him and in hostility to the
interests of those interested in the assets of the company. He
was not called upon to assert their individual rights as credit-
ors of the company. He might have been called upon to re-
sist their claims, but his interest and duty as the receiver of
an insolvent corporation, acting for the benefit of creditors, was
and is to reduce the amount of the claims upon the fund to the
smallest amount consistent with the legal rights of the parties.
Thus it was and is his duty, with a view to protect those whom
he represents, to scrutinize every claim presented, and resist the
payment of every demand that he supposes to be illegal or un-
founded.

Without imputing any blame to the receiver, it may be safe-
ly said that there is no reason to presume that the claimants
under the cash policies were as well defended, or their interests
as well cared for and protected, as they would have been had
they been made parties to the action, and had an opportunity
of presenting their own claims in their own way. (*Cockburn*
v. *Thompson*, 16 *Vesey*, 321.) The very gist of this action
was to set aside the claims of the present applicants and those
having similar claims ; and until it can be shown that the re-
ceiver, in any legal sense, represents them as a single class of
claimants upon the fund in his hands, as against all others hav-
ing claims upon the same fund, or otherwise interested to reduce
the amount of the demands upon it, it cannot be said that they
have been represented in the action. As between the plaintiffs

and others in the same interest, and the claimants under the cash policies, as individuals having and making conflicting claims in respect to a common fund or at least the same fund, of which Eames was the receiver for the benefit of all who should have an interest in it, he was a mere middle man, having no right to represent either. If he could represent either as the receiver of the whole fund, he could represent both, and the question might as well have been decided upon his *ex parte* application, or in an action or proceeding in which he should be both plaintiff and defendant. The plaintiffs would have thought it very hard, had the question been decided against them upon the application of those now claiming to be heard, and without calling upon them to show cause, in a manner to estop them, when they should be called upon to pay their premium notes. The judgment in such a case would have been a nullity, as is the one already pronounced, so far as it pronounces upon the claims of individual creditors not parties to the action, or seeks to give direction to the fund in the hands of the receiver, to their prejudice ; and as it may work a wrong and do mischief by being permitted to stand, it must be vacated. The only judgment or order which should have been granted, was an order of reference to a competent lawyer to take proof and report to the court the amount and character of the funds and available resources in the hands of the receiver, and the amounts of the several claims thereon, and the rights and interests of the several claimants, with directions to the referee to cause all the parties in interest, and the several claimants, to be properly summoned to appear before him for the protection of their several interests. Perhaps an order of that character would have been proper and regular, and upon the proceedings, and report of the referee, a judgment which should be of binding force upon all could have been pronounced; but as this was not argued, I will not pass upon it, but leave the parties to stipulate, if they are so advised, that such order may be entered in place of the interlocutory judgment already given. If such stipulation is not made, the judgment must be set aside, so far as it affects or purports to affect or pass upon the rights of the claimants

under the cash policies, or to give direction to the funds or property in the hands of the receiver to their prejudice, or without making provision for the payment of such claims. And all proceedings must be stayed in the action, until by proper amendment the claimants are made parties to the action.

[Onondaga Special Term, June 9, 1856. *W. F. Allen*, Justice. Affirmed at the Onondaga General Term, October 10, 1856. *Pratt, Bacon* and *W. F. Allen*, Justices.]