## BROOKS and CUMMINGS *vs*. PECK.

An action may be brought by preferred creditors in an assignment for the benefit of creditors, in behalf of themselves and other creditors of the assignor, against the assignee, for an accounting, and to obtain a judgment that the defendant close up his trust by converting the property into money and distributing the same under the assignment; where the creditors are so numerous that it would be impracticable for the plaintiffs to bring them all before the court.

A hostile interest which will prevent the joining of parties as plaintiffs, within the meaning of the cases, occurs when the plaintiff makes a claim which is antagonistic to the claim of another.

It cannot occur when the legal rights of the parties are the same, and the only question is as to the expediency of having those rights enforced at a particular time; unless as to some of the parties, it is expedient that the rights should be enforced at one period, while as to others it is expedient that they should be enforced at another period.

Where the right to have the assigned property converted into cash is common to all the creditors, the only question being as to the time when it shall be done, there is no antagonism.

A mere difference of opinion, among the creditors, as to the best time for disposing of the assigned property, does not constitute a hostility of interest.

Where assigned property consisted in part of real estate, occupied as a ship yard, which the extension of an avenue had rendered unsuitable for that purpose, and the property was not likely to be purchased by any one for that use, but it was suitable for other purposes; there being no present prospect of a rise in value, and the creditors not all agreeing to allow the assignee further to continue his efforts to sell the property at private sale; *Held* that it was a proper case for directing the assignee to sell the property at public auction, if not sooner sold at private sale.

THIS was an appeal from a judgment entered upon the report of a referee. The material facts are fully stated in the opinion of the court.

*N. Dane Ellingwood,* for the appellant.

*E. More,* for the respondents.

*By the Court,* BARNARD, J. The plaintiffs are preferred creditors in a general assignment made by William H. Brown, to the defendant, for the benefit of his creditors. The action

is brought to obtain an accounting, and to obtain judgment that the defendant close up his trust by converting the property in hand into money and distributing the same under the assignment. The complaint alleges that the action is brought as well on behalf of the plaintiffs as on behalf of all the other creditors of William H. Brown who were such creditors at the time of the assignment, and still are. It is then alleged that there are a large number of such creditors, and except the preferred creditors the plaintiffs have no means of knowing who the creditors are, or their number; but they are informed and believe that they are very numerous, and that it would be impracticable and inconvenient to make them all parties, in any other way than by suing on behalf of all.

. An answer having been put in, the cause was referred. The referee, on the 27th of June, 1859, made his report, whereby he found as matter of fact (among other things) that there were thirteen preferred creditors; that the creditors of Brown were so numerous that it would have been impracticable for the plaintiffs to have brought them all before the court; that the assignor owned certain real estate which at the time of the assignment was occupied as a ship yard, but that the extension of avenue D has rendered it unsuitable for a ship yard, and that said property is not likely to be purchased by any one for ship building purposes; but that it is suitable for a coal, brick or lumber yard, and for manufacturing and commercial purposes; that the creditors do not all agree and the plaintiffs do not agree to let the assignee further continue his efforts to sell said property at private sale, and that there is no present prospect of such a rise in the value of the property as to warrant longer holding on to it. And the referee found as matters of law that the assignee should proceed to sell the property at public auction, if not sooner sold at private sale. Upon this report judgment was entered, simply directing the assignee to sell this property at auction, and giving some special directions

Brooks *v.* Peck.

as to the sale. To all the above findings of fact, as well as the findings of law, the defendant excepted. The point made by the defendant on this appeal is that this is not an action which can be brought by one creditor on his own behalf and on behalf of all others, but that all the creditors must be parties either defendant or plaintiff. And it is urged that a plaintiff can only be permitted to exhibit a bill on behalf of himself and others, in cases where the persons in interest are too numerous and their interests are not hostile.

The complaint alleges, the referee finds, and the evidence fully supports the finding, that the persons in interest are too numerous to be made parties.

Now as to the hostility of interest; a hostile interest, within the meaning of the cases, occurs when the plaintiff makes a claim which is antagonistic to a claim of another. It cannot occur when the legal rights of the parties are the same, and the only question is as to the expediency of having those rights enforced at a particular time, unless as to some of the parties it is expedient that the rights should be enforced at one period, while as to others it is expedient that they should be enforced at another period.

In the present case, the right to have the assigned property converted into cash is common to all the creditors; here there is no antagonism; the only question is as to the time when it should be done. This of course depends upon the question as to when it will produce the most; and here the interests of all the creditors are again identical; since it is obvious that all are alike interested in having the fund as large as possible. A mere difference of opinion as to the best time for disposing of the property does not constitute a hostility of interest. But granting that such a difference of opinion is a hostility of interest, then it is clear that the creditors must be divided into two classes; those who think a sale at the present time advisable, who are represented by the plaintiffs, and those who think a sale should be deferred, who are represented by the defendant. And it is also certain that no one creditor

has any special claim or interest which is not represented either by the plaintiffs or defendant. These views are consonant with the principle of representation. (*Hubbard* v. *Eames,* 22 *Barb.* 601, 602, 603.)

This action being in substance to carry into effect the assignment, it was necessary that the creditors should be parties. (*Wakeman* v. *Grover,* 4 *Paige,* 33.) They were too numerous to be made parties by name, but by the course pursued they are all made parties either through the plaintiffs or defendant.

There was no more reason for making the preferred creditors parties by name than for bringing in all the others in the same manner. The preferred creditors have no other interests, different or greater, than the other creditors, in the sale of the property. Their preference only entitles them to be paid first; thus making it in fact more essential (if any thing) to the other creditors that the property should bring the utmost price.

The great litigation at the trial was as to the time when the ship yard should be sold. Upon this question the court is well satisfied with the conclusion to which the referee has come.

Judgment affirmed with costs of appeal to both parties, to be paid out of the fund.

[NEW YORK GENERAL TERM, December 13; 1862. *Ingraham, Clerke* and *Barnard,* Justices.]